STATE v. EARNEST EARL RANDLE.

200 N. W. 2d 303.

August 18, 1972—No. 43036.

C. Paul Jones, State Public Defender, and Rosalie E. Wahl, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, William B. Randall, County

Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Gunn, JJ.

PER CURIAM.

Defendant appeals from his conviction for aggravated robbery. Minn. St. 609.245. He raises the following issues: (1) The trial court abused its discretion in not requiring the presence at the Rasmussen hearing of witnesses who failed to identify defendant at the lineup but later testified after examining photographs; (2) although the public defender was present at the lineup, defendant was denied the right to have his own counsel notified and present on that occasion; (3) defendant was entitled to have his counsel present when photographs were used to identify defendant; and (4) the eyewitness identification of defendant was inadequate to support a conviction.

Witnesses for the state testified as follows: On the evening of April 22, 1970, three Negroes and a white man forced their way into the second-floor quarters of Allen King and Henry Shy at 462 Fuller Street in St. Paul. One Lamar Chandler was visiting Mr. Shy at the time. One of the intruders, Carl Danner Warren, fired three shots at King who tried to escape. Another intruder, Kenneth Lee Jackson, was assigned to guard Shy. Defendant was identified as having taken money from King's clothing. The activities of the fourth man, Richard Johanson, were not described. Meanwhile, one of the occupants, Lamar Chandler, made his escape and was able to identify the getaway car. After leaving, Jackson returned to find both Shy and King armed, and in the process of his fleeing, Jackson was shot.

Within a few minutes of the time of the robbery, defendant, in company with Warren and Johanson, appeared at St. Paul Ramsey Hospital, claiming they had found Jackson lying wounded in the street. Defendant accompanied a police officer who happened to be at the hospital, to what was apparently the getaway car in which defendant had been riding when Jackson was brought to the hospital. The officer observed and removed a gun which was visible under the front seat. Ballistic tests revealed that it was the same weapon used by the intruders in shooting at King during the robbery.

At the trial no objection was made to the fact that defendant's own counsel was not notified of the lineup which was to take place. The public defender was, in fact, present and participated.

Although the prosecutor conceded that King's identification of defendant was, for practical purposes, impeached, and in his closing argument admitted that the identification testimony of King and Shy had

little probative value, the state argues that apart from identification the circumstantial evidence against defendant supports his conviction. We agree. The identification of Johanson, Warren, and Jackson was adequate. However weak the identification of defendant may have been, his presence with the other intruders moments after the robbery occurred and the discovery of the robbery weapon in the car in which defendant had been riding was persuasive evidence of defendant's participation. Consequently, we do not find it necessary to pass on the sufficiency of identification procedures and testimony in the light of the state's disavowal in open court of reliance on that evidence during the trial.

Affirmed.

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.